IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AARON MALONE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CORRECTIONAL CORPORATION OF )<br>AMERICA, et al., )<br>)<br>Defendants. ) | No. 3:13-cv-1212<br><br>Judge Trauger |

## ORDER

Plaintiff Aaron Malone, a state prisoner confined at the Northeast Correctional Complex in Mountain City, Tennessee, pursues this *pro se* action under 42 U.S.C. § 1983. After this court's initial review, the matter was referred to Magistrate Judge Juliet Griffin for management of the case, decisions on all pretrial, non-dispositive motions, and entry of recommendations as to the disposition of any dispositive motions, pursuant to 28 U.S.C. § 626(b)(1)(A) and (b) and Rule 72 of the Federal Rules of Civil Procedure.

Now before the court is the plaintiff's "Notice of Appeal" (ECF No. 61). The court construes the notice as the plaintiff's objection, under Rule 72(a), to the magistrate judge's order (ECF No. 55) denying the plaintiff's motion to compel (ECF No. 48).

Pursuant to the applicable rule, when a magistrate judge has issued a ruling on a pretrial matter that is not dispositive of a party's claim or defense, any party may "serve and file objections to the order within 14 days after being served with a copy. . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). *See also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). "'A finding [of fact] is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Adams County Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

In his motion to compel (ECF No. 48), filed on December 22, 2014, the plaintiff sought to compel more complete answers to his first set of interrogatories, as well as answers to new interrogatory questions. A copy of the plaintiff's first set of interrogatories, dated September 8, 2014, is attached to the motion. (*Id.* at 4–7.) The defendant's answers to the interrogatories were not included with the motion, but the plaintiff instead attached his specific objections to the defendants' answers. (ECF No. 48, at 8–10.)

Defendant CCA opposed the motion to compel on the grounds that (1) it was filed almost two months past the deadline in the scheduling order for filing discovery-related motions and twelve days after the court denied the plaintiff's motion for additional time to conduct discovery; (2) the plaintiff failed to comply with Local Rule 37.01(b)(2); and (3) CCA had fully cooperated with the plaintiff and fully responded to his discovery requests. (ECF No. 51.)

Magistrate Judge Griffin denied the motion on the first ground asserted by the defendant: that it was filed almost two months after the November 3, 2014 deadline for filing discovery motions and for completion of discovery and the court had already denied the plaintiff's motion for enlargement of the time for conducting discovery. In her order, Magistrate Judge Griffin also notified the plaintiff of his right to appeal the order to this court and instructed him that "the motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for appeal." (ECF No. 55, at 1.)

Although the plaintiff attached certain documents to his objection, he has not apprised this court of the basis of his appeal. Moreover, the magistrate judge's ruling, based on the scheduling order entered in the case on August 6, 2014, was not clearly erroneous or is contrary to law. The plaintiff's objection is therefore **OVERRULED**, and the court **DECLINES** to modify or set aside any part of that order (ECF No. 55).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge