IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| AARON MALONE | ) | |
| | ) | |
| v. | ) | NO. 3:13-1212 |
| | ) | |
| CORRECTIONAL CORPORATION OF | ) | |
| AMERICA, et al. | ) | |

TO: Honorable Aleta A. Trauger, District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

This prisoner civil rights action was filed pro se by an inmate of the Tennessee Department of Correction ("TDOC") on February 22, 2013, in the Circuit Court for Davidson County, Tennessee. It was removed to the United States District Court for the Western District of Tennessee on June 14, 2013, see Docket Entry No. 1, and was subsequently transferred to this Court on November 4, 2013. See Docket Entry No. 7.

By Order entered December 11, 2013 (Docket Entry No. 17), the Court reviewed the case in accordance with the Prison Litigation Reform Act, 42 U.S.C. § 1997e. The Court dismissed several defendants but found that the plaintiff had stated at least one colorable claim under 42 U.S.C. § 1983 against Nurse Brown, Nurse Glenda, and Physician Director Doctor Jane Doe based on the plaintiff's allegations that he had not been provided with constitutionally adequate medical care in March 2012, while incarcerated at the Whiteville Correctional Facility. See Docket Entry No. 17, at 1. The Court retained supplemental jurisdiction over state law negligence claims brought against Corrections Corporation of America ("CCA"). Id.

The case was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court. Id. The Court also directed the Magistrate Judge to take such steps as may be necessary to effect service of process.

By Orders entered January 24, 2014 (Docket Entry No. 21), February 11, 2014 (Docket Entry No. 28), and May 30, 2014 (Docket Entry No. 30), the Court directed that service packets be sent to the plaintiff, that he return completed service packets for the three individual defendants, and that the Clerk issue process to them upon the return of the service packets. Process was issued to the three individual defendants on February 19, 2014, see Docket Entry No. 29, and re-issued on June 3, 2014. See Docket Entry No. 31. The record shows that the summons issued to all three defendants were returned unexecuted. See Docket Entry Nos. 34, 35, 67-70, and 72.

A scheduling Order was entered August 6, 2014 (Docket Entry No. 36), providing for a period of discovery. By Orders entered December 17, 2014 (Docket Entry No. 47), and January 9, 2015 (Docket Entry No. 55), respectively, the Court denied the plaintiff's motion to extend the scheduling order deadline to allow untimely discovery and the plaintiff's motion to compel discovery from Defendant CCA.[1]

On November 11, 2014, Defendant CCA filed a motion to dismiss this action. See Docket Entry No. 40. Defendant CCA argues that the three individual defendants have not been served in the action and are subject to dismissal under Rules 4(m), 12(b)(4), and 12(b)(5) of the Federal Rules

---

[1] The plaintiff did not file a motion for review of the December 17, 2014, Order. By Order entered February 2, 2015 (Docket Entry No. 62), the Court upheld the January 9, 2015, Order upon the plaintiff's motion for review.

of Civil Procedure. Defendant CCA further argues that, upon the dismissal of the individual defendants, there is no basis for federal question jurisdiction and the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims against it. In response to the motion to dismiss, the plaintiff contends that Defendant CCA hindered his efforts to prosecute his case by not promptly and fully responding to his discovery requests. See Docket Entry No. 50. He also asserts that he did not know that the three individual defendants had not been served because "a lot of mail got misplaced by Plaintiff being in court at Memphis" and states that he will seek through discovery information about their addresses. Id. at 2. In its reply (Docket Entry No. 54), Defendant CCA denies that the plaintiff served it with a second set of interrogatories and denies that it has improperly withheld information from the plaintiff.[2] Defendant CCA also contends that the plaintiff has not shown good cause for the failure to have the three individual defendants served with process.

> Rule 4(m) of the Federal Rules of Civil Procedure states, in part:
>
> [i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

See Rule 4(m). This action was originally filed on February 22, 2013. When this Court reviewed the case after its transfer from the Western District, it was not apparent from the record that process had ever been served upon the "Jane Doe" physician or the Defendants identified by the plaintiff as "Nurse Glenda" and "Nurse Brown." Upon the Court's directive, process was issued to these

---

[2] Although Defendant CCA states that it supports its response with the declaration of Nathan Tilly, no declaration was attached to the response.

3

Defendants on two occasions, yet none of the three individual Defendants have been served with process in the two years since this action was filed. The Court's review of the record indicates that the plaintiff has made very little effort to determine the full names or identities of these defendants so that they could be served. He failed to obtain this information during the permitted discovery period, and his attempts to obtain additional discovery were untimely. The Court finds his assertion that he was unaware that these three defendants had not been served does not constitute good cause for extending the time for him to serve the Defendants. In light of the lack of service upon the Defendants and the lack of good cause for the plaintiff's failure to serve the Defendants, dismissal of the action as to the three individual defendants is warranted.

The Court's jurisdiction over the state law claims against the sole remaining Defendant, CCA, is based upon supplemental jurisdiction under 28 U.S.C. § 1367(a) because original jurisdiction existed over the plaintiff's Section 1983 claims against the individual Defendants. However, upon the dismissal of the individual Defendants, the Court no longer has original jurisdiction over any of the claims asserted by the plaintiff in this action,. In such a situation, the provisions of 28 U.S.C. § 1367(c) apply. Section 1367(c) provides that:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
> . . . .
> (3) the district court has dismissed all claims over which it has original jurisdiction.

The decision of whether to retain jurisdiction over state law claims upon the dismissal of the federal law claims asserted in an action is left to the broad discretion of the Court. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350-52, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1254 (6th Cir. 1996). In considering whether to continue to exercise supplemental jurisdiction over such state law claims, the

Court must consider the provisions of Section 1367(c) and the factors the United States Supreme Court outlined in Cohill, 484 U.S. at 350-51, and United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). These factors include judicial economy, convenience, fairness, and comity. Cohill, 484 U.S. at 350. Although not mandatory or absolute, the general rule is to decline to exercise jurisdiction over pendent state-law claims when all federal claims are eliminated from a case before trial. Musson, 89 F.3d at 1254-55 (gathering cases from the Sixth Circuit Court of Appeals which follow the general rule). In the instant action, the balance of factors weighs in favor of not retaining supplemental jurisdiction over the plaintiff's state law claims against CCA so that they can be pursued in the state courts. The remaining claims involve issues of state law which are best resolved by the state courts.

## R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully RECOMMENDS that:

1. Defendants Nurse Brown, Nurse Glenda, and Physician Director Doctor Jane Doe be DISMISSED from this action WITHOUT PREJUDICE under Rule 4(m) of the Federal Rules of Civil Procedure;

2) the motion to dismiss (Docket Entry No. 40) of Defendant CCA be GRANTED to the extent that Defendant CCA requests that the Court not exercise supplemental jurisdiction over the state law claim brought against it; and

3) this action be REMANDED to the Circuit Court for Davidson County, Tennessee, where it was originally filed.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and

must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                              Respectfully submitted,

                                              JULIET GRIFFIN
                                              United States Magistrate Judge